J-S37037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRYSTAL BREWINGTON | |
| Appellant | No. 3016 EDA 2014 |

Appeal from the Judgment of Sentence September 22, 2014
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0000306-2012,
CP-09-0003069-2012

BEFORE: GANTMAN, P.J., SHOGAN, J., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.: **FILED JULY 20, 2015**

Chrystal Brewington appeals from the judgment of sentence imposed by the Court of Common Pleas of Bucks County, following the revocation of her probation. Upon review, we affirm.

The trial court set forth the factual and procedural history of this case as follows:

> In 2012 [Brewington] entered guilty pleas in four cases, numbers 306-2012, 317-2012, 3069-2012, and 2226-2012. In 306-2012, [Brewington] was charged with false alarms to agencies of public safety, simple assault, resisting arrest, and disorderly conduct – making unreasonable noise, disorderly conduct – creating a hazardous or physically offensive condition, and public drunkenness and similar misconduct. On March 7, 2012, she entered a guilty plea to those offenses and sentencing was deferred. In 317-2012, [Brewington] was initially charged with use/possession of drug paraphernalia, public drunkenness and similar misconduct, and disorderly conduct – creating a hazardous or physically offensive condition. The Commonwealth thereafter withdrew the disorderly conduct charge. On March 7,

2012, [Brewington] entered a guilty plea to the remaining offenses. Sentencing was deferred. In 3069-2012, [Brewington] was charged with simple assault and disorderly conduct-engaging in fighting, threatening, violent or tumultuous behavior. On June 26, 2012 she entered a guilty plea to those offenses. Sentencing was deferred. In 2226-2012, [Brewington] was initially charged with possessing instruments of crime, theft by unlawful taking, receiving stolen property, unauthorized use of automobiles and other vehicles, criminal mischief, disorderly conduct – engaging in fighting, threatening, violent or tumultuous behavior, and reckless driving. The Commonwealth thereafter withdrew the theft and receiving stolen property charges. On June 26, 2012, [Brewington] entered a guilty plea to the remaining offenses. Sentencing was deferred.

On August 17, 2012, [Brewington] stood for sentencing in all four cases. In case number 306-2012, the sentencing guideline ranges for the lead offenses are: mitigated- ~; standard – RS-9; aggravated – 12. [Brewington] was sentenced to a term of probation of five years. In case number 317-2012, the sentencing guideline ranges for the lead offenses are: mitigated - ~; standard – RS-2; aggravated – 5. [Brewington] was sentenced to a term of probation of one year. On case number 3069-2012, the sentencing guidelines for the lead offenses are: mitigated - ~; standard – RS-12; aggravated – 12. [Brewington] was sentenced to a term of probation of two years. As a condition of her probations, [Brewington] was ordered to continue in mental health and drug and alcohol treatment. On case number 2226-2012, the sentencing guidelines for the lead offense set forth the following range of sentences: mitigated – RS; standard – 3-14; aggravated – 17. [Brewington] was sentenced to time served to twenty-three months with immediate parole. All sentences were run concurrent to one another.

On June 23, 2014, a probation violation hearing was held in case numbers 306-2012 and 3069-2012 as a result of [Brewington]'s drug use, failure to take medications as directed, failure to comply with mental health treatment, multiple police contacts alleging criminal behavior against an elderly individual and reports of her driving without a license. [Brewington] agreed that she was in violation of her probations. It was ordered that she continue on probation. After that violation hearing, [Brewington] absconded [supervision]. A warrant was issued for

her arrest on July 2, 2014. On July 15, 2014, a hearing was held and [Brewington] was released on recognizance pending her probation violation hearing. On August 11, 2014, Brewington appeared before Honorable Diane E. Gibbons and was found in violation of her probation on both cases. At that hearing, it was the recommendation of Adult Probation and Parole that [Brewington] be found in violation of her probations, that her probations be revoked and that she be resentenced to eighteen months to thirty-six months to be served in a State Correctional Facility four months on case number 306-2012 and to a consecutive term of incarceration of six months to twenty-four months on case number 3069-2012. Judge Gibbons deferred sentence for sixty days and ordered Brewington to attend Penndel Mental Health, take all medications, have no contact with victim, not to drive, attend all appointments, and meet all prior conditions.

Trial Court Opinion, 2/12/15, at 1-4 (footnotes omitted).

During her sixty-day sentence deferral, Brewington failed to take her medications, failed to provide the required residence information and was once again arrested by the Bristol Police. On September 12, 2014, she was taken into police custody, after running around a picnic, naked, in front of a hundred adults and children. She also broke the windshield of a woman's car and a teen boy's headphones. She was charged with two counts of open lewdness[1] and one count of criminal mischief.[2]

On September 22, 2014, Judge Gibbons sentenced Brewington to an aggregate sentence of two to five years in a state correctional facility.

_____

[1] 18 Pa.C.S. § 5901.

[2] 18 Pa.C.S. § 3304(a)(2).

Brewington filed a motion for reconsideration, which was denied. Brewington filed a timely notice of appeal that same day. She filed a timely concise statement of errors complained of on appeal on November 12, 2014.

On appeal, Brewington presents two issues for our review:

1. Whether it was a violation of 42 Pa.C.S. § 9771 to impose a sentence of total confinement for technical violations of probation; and

2. Whether an aggregate sentence of 24 to 60 months was manifestly excessive for technical violations of probation?

Appellants' Brief, at 4.

These claims implicate the discretionary aspects of Brewington's sentence, which are not appealable as of right. Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by satisfying a four-part test. **Commonwealth v. Prisk**, 13 A.3d 526 (Pa. Super. 2011).

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

**Id.** at 532, citing **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006). An appellate court will find a "substantial question" and review the decision of the trial court only where an aggrieved party can articulate clear reasons why the sentence imposed by the trial court compromises the

sentencing scheme as a whole. **Commonwealth v. Tuladziecki**, 522 A.2d 17 (Pa. 1987).

Here, Brewington has preserved her claim in her motion for reconsideration, and filed a timely notice of appeal. Brewington has also included in her brief a concise statement pursuant to Pa.R.A.P. 2119(f). **See** Appellant's Brief at 11. Moreover, Brewington's claim that the trial court sentenced her to a term of total confinement in excess of her original sentence based solely on a technical violation raises a substantial question for our review. **See Commonwealth v. Crump**, 995 A.2d 1280, 1282 (Pa. Super. 2010) ("The imposition of a sentence of total confinement after the revocation of probation for a technical violation, and not a new criminal offense, implicates the 'fundamental norms which underlie the sentencing process.'"); **Commonwealth v. Sierra**, 752 A.2d 910, 913 (Pa. Super. 2000); **see also Commonwealth v. Malovich**, 903 A.2d 1247, 1252 (Pa. Super. 2006) ("[A] claim that a particular probation revocation sentence is excessive in light of its underlying technical violations can present a question that we should review.").

Brewington argues that the court did not provide reasons on the record pursuant to 42 Pa.C.S. § 9771 to justify total confinement. Under 42 Pa.C.S. § 9771(c), a court may sentence a defendant to total confinement subsequent to revocation of probation if any of the following conditions exist:

> (1) the defendant has been convicted of another crime; or

> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c)(1)-(3).

Brewington asserts that since she was not convicted of a crime at her violation hearing, there was no evidence that her conduct was indicative that she would commit another crime or was the sentence necessary to vindicate the authority of the court. However, at the sentencing hearing, the Commonwealth presented testimony from Brewington's probation officer, Ellyn H. Forquer, detailing violations and difficulties during Brewington's sixty-day sentencing deferral:

> On August 15th, 2014 Miss Brewington failed to provide proof of application of residence and was given an extension from [my] supervisor and she continued to fail to provide verification. On September 12, 2014, on-call Officer Hearn received a call from Officer Ed O'Brien of Bristol Township Police. Miss Brewington was in their custody due to the fact she was running around at a picnic naked in front of a hundred adults and children. She broke the windshield of a woman's car and a teenager's headphones. She was charged with two counts of lewdness and criminal mischief. On September 2nd, 2014 the Children & Youth case worker reported that the father of Miss Brewington's son called her and stated Miss Brewington showed up to the residence on September 1 at 1:00 o'clock in the morning, which is a violation of her curfew. September 5th, 2015 while in custody pending this hearing Miss Brewington incurred three class one misconducts for disobeying a direct order, insolence, and abusive language to staff.

Sentencing Hearing, 9/22/14 at 11-13.

In light of the foregoing, Honorable Diane E. Gibbons concluded that probation was ineffective in rehabilitating Brewington. At the sentencing hearing, Judge Gibbons was clear about her reasoning for sentencing Brewington to a state correctional facility:

> I find that we have exhausted all available resources in the community and we do not have the necessary resources at Bucks County Correctional Facility in order to deal with what has been an ongoing and extreme problem, and that only the resources that are available to address the circumstances that we have – that we are attempting to deal with on the County level are only available in the State Correctional Facility.

Sentencing Hearing, 9/22/14, at 22-23.

Judge Gibbons' finding satisfies the requirement under section 9771 (c)(2). Sentencing was originally deferred on Brewington's probation violations to give her one last opportunity to demonstrate that she could comply with the conditions of her probation and treatment. *See* Violation of Probation Hearing, 8/11/14, at 21-25. During that time, Brewington was re-arrested, clearly demonstrating that "it is likely [s]he will commit another crime if [s]he is not imprisoned." 42 Pa.C.S. § 9771(c)(2). The trial court therefore properly revoked Brewington's probation and imposed a sentence of total confinement. The sentence imposed was necessary to prevent Brewington from continuing to endanger herself and others, is in accordance with the dictates of section 9771(c), and did not otherwise constitute an abuse of discretion.

In her second issue on appeal, Brewington contends that an aggregate sentence of 24 to 60 months' imprisonment was manifestly excessive for technical violations of probation. Brewington argues that one of her technical violations, failure to take her mental health medication, occurred because she was pregnant.[3] Additionally, Brewington asserts that because she served almost two years on probation without a violation, the aggregate sentence was manifestly excessive and should be vacated and remanded for resentencing. *See* Appellant's Brief, at 10.

Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. *See* 42 Pa.C.S.A. § 9771 (b). "[U]pon revocation [of probation] . . . the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." ***Commonwealth v. Infante***, 63 A.3d 358, 365 (Pa. Super. 2013) (internal quotation marks and citations omitted). "A trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." ***Crump***, 995 A.2d at 1282-83 (Pa. Super. 2010).

---

[3] Brewington was advised to discontinue the medicine or risk causing her unborn child to suffer from birth defects.

At the September 22, 2014 sentencing hearing, Brewington's probation officer provided specific sentencing requests:

> On 306-2012, we would request that she be found in violation of her probation, revoke and resentenced to 18-36 months to be served in a State Correctional Facility. On 3069-2012, find in violation of probation, revoke and resentenced to 6-24 months in the State Correctional Facility to run consecutive for the parole matter on 206-2012. The rationale for this recommendation is due to the fact that [Brewington] has been afforded numerous opportunities for treatment in the community. She has been unsuccessful in the highest level of community care available. She continues to willfully fail to take her medications and fail to comply with the directives of her treatment provider, our department as well as directives from Your Honor. We feel that she would benefit from a long-term commitment in the therapeutic community with a continuance of care that can only be provided at the state level.

Sentencing Hearing, 9/22/14, at 15-16.

Upon review, we discern no abuse of discretion where the trial court considered the appropriate factors in concluding Brewington's repeated attempts at rehabilitation had failed. *See Commonwealth v. Simmons*, 56 A.3d 1287 (Pa. Super. 2012). Brewington's conduct reflects a flagrant disregard for the rehabilitative purpose of the probation program and a lack of respect for the authority of the court. Brewington continuously violated the terms of her probation by abusing drugs and alcohol, failing to secure permanent housing, failing to attend mental health appointments, disobeying her curfew, and committing other technical violations. Although Brewington was pregnant and unable to fulfill one of her probation requirements, she committed multiple other technical violations during the

span of her probation.[4]  Based on Brewington's conduct while on probation, it was reasonable for the trial court to impose a sentence of total confinement to vindicate the court's authority[5] and provide Brewington with access to long-term mental health and drug treatment that is only available in the state system.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2015

---

[4]  **See** N.T. Violation of Probation Hearing, 8/11/14 at 3-4, 8-9; N.T. Sentencing Hearing, 9/22/14 at 4-6, 11-15.

[5]  **See** 42 Pa.C.S. § 9771(c)(3).